**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                  Case No.   3:15-cr-89(S1)-J-34PDB

JON CHRISTOPHER STOUNE
     a/k/a "Mycroft James Holmes"

_____

# O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Patricia D. Barksdale's Report and Recommendation (Doc. 132; Report), entered on September 11, 2018.   In the Report, Magistrate Judge Barksdale recommends that Defendant's Motion to Compel the Production and Return of Property (Doc. 117; Motion for Return of Property) be denied and that the civil action in equity (filed within the closed criminal case) be dismissed with prejudice, in part, and without prejudice, in part.   <u>See</u> Report at 16.   Defendant filed objections to the Report on October 12, 2018.   <u>See</u> Defendant's Response to the Court's "Report and Recommendation" (Doc. 133; Objections).   On November 9, 2018, the United States filed a response to the Objections.   <u>See</u> United States' Response in Opposition to Defendant's Response to the Court's Report and Recommendation (Doc. 138; Response).   On November 26, 2018, Petitioner filed a reply to the Response.   <u>See</u> Petitioner's Response to the Government's Response to the Petitioner's Response to the Court's Report and Recommendation (Doc. 140; Reply).[1]   Accordingly, this matter is ripe for review.

_____

[1] Pursuant to Local Rule 3.01(c), United States District Court, Middle District of Florida (Local Rule(s)), a party may not file a reply without first seeking permission from the Court.   As Petitioner did not seek leave of Court prior to filing the Reply, and the Court finds that a reply is not necessary, the Reply will be stricken.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982 (quoting Nettles v. Wainright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[2]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[3] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made,[4] the Court always retains the authority to review such a recommendation in the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 556 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n. 1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[3] Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

[4] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

exercise of its discretion.   See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Matthews v. Weber, 423 U.S. 261, 270-71 (1976)).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will overrule the Defendant's Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

In light of the foregoing, it is

**ORDERED:**

1. Petitioner's Response to the Government's Response to the Petitioner's Response to the Court's Report and Recommendation (Doc. 140) is **STRICKEN**.

2. The objections raised in Defendant's Response to the Court's "Report and Recommendation" (Doc. 133) are **OVERRULED**.

3. The Magistrate Judge's Report and Recommendation (Doc. 132) is **ADOPTED** as the opinion of the Court.

4. Defendant's Motion to Compel the Production and Return of Property (Doc. 117) is **DENIED**.

5. The civil action in equity (filed within the closed criminal case) is **DISMISSED with prejudice** as to any property ever possessed by the FBI and **without prejudice** as to any property never possessed by the FBI.

**DONE AND ORDERED** in Jacksonville, Florida this 11th day of December, 2018.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record

Pro Se Parties